UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:10-cv-23375

**LOS PALACIOS II
CONDOMINIUM ASSOCIATION, INC.,**
A Florida not-for-profit Corporation,

    Plaintiff,

vs.

**ASPEN SPECIALTY INSURANCE
COMPANY,** a/k/a
**ASPEN SPECIALTY INSURANCE
MANAGEMENT,**

    Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW Defendant, ASPEN SPECIALTY INSURANCE COMPANY, a/k/a ASPEN SPECIALTY INSURANCE MANAGEMENT ("Aspen Specialty"), by and through its undersigned counsel, and petitions this Honorable Court for the removal of the certain cause of action now pending in the Circuit Court of the Eleventh Judicial Circuit, in and for MIami-Dade County, Florida, styled LOS PALACIOS II CONDOMINIUM ASSOCIATION, INC., vs. ASPEN SPECIALTY INSURANCE COMPANY, a/k/a ASPEN SPECIALTY INSURANCE MANAGEMENT, Case Number 10-45215 CA 02, wherein Plaintiff asserts a breach of contract action and, in the alternative, petitions to compel appraisal. Defendant, Aspen Specialty, respectfully shows unto this Honorable Court as follows:

  1.  Aspen Specialty was and is a citizen of a foreign state, being incorporated in and a citizen of North Dakota. At the time this action was commenced and at the

present time, Aspen Specialty was not and is not a citizen of or incorporated in the State of Florida.  At the time this action was commenced and at the present time, Aspen Specialty did not and does not have its principal place of business in Florida.  Aspen Specialty has its principal place of business in Boston, Massachusetts.

2. This action was commenced in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Miami-Dade County, Florida, and service of process was effected on Aspen Specialty on or about August 30, 2010.  This action is pending in that court which is within the Miami Division of the United States District Court for the Southern District of Florida.  Therefore, the action was timely removed to the proper federal district court.

3. At the time when suit was instituted, Plaintiff LOS PALACIOS II CONDOMINIUM ASSOCIATION, INC., (hereinafter referred to as "Los Palacios") was a Florida Corporation.  [See Complaint, paragraph 2].  Los Palacios is a condominium association and the condominium complex is located in Miami-Dade County, Florida, as alleged in paragraphs 2 and 5 of the Complaint.  Therefore, Los Palacios is a citizen of the State of Florida.  Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

4. This is a civil action brought by Los Palacios alleging breach of contract and, in the alternative, seeking to compel appraisal based on a policy of insurance issued by Aspen Specialty, which insured property owned by Los Palacios.  In the Complaint, Los Palacios contends that its insured property was damaged by Hurricane Wilma on October 24, 2005 and that the unpaid damages are $3,910,659.45. [See Complaint, paragraphs 16and 19].  Exhibit E to the Complaint is alleged to be a true and accurate copy of a

revised Proof of Loss dated July 22, 2008 submitted by Los Palacios in the amount of $3,910,659.45.  Consequently, the amount in controversy between Aspen Specialty and Los Palacios is in excess of $75,000.00.

5. In addition to the above damages, Los Palacios is seeking attorney's fees pursuant to §627.428, Florida Statute.

6. The affidavit of counsel for Aspen Specialty, William L. Wallis, is attached hereto as Exhibit "A" in support of this Notice of Removal.

7. In further support that the amount in controversy herein exceeds $75,000, Aspen Specialty cites the case of *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D. Ala. 1986).  There the court held that when Plaintiff's complaint is indeterminate, that is, it does not set forth the specific amount of damages claimed, it does not show that the case is not removable.  In such cases, the Court has the "duty to independently determine the propriety of jurisdiction."  In the instant case, although Los Palacios has alleged the damages sought will exceed the Circuit Court's minimum jurisdictional limit, there is no upward limit on the amount of damages which may be awarded in Circuit Court.  Furthermore, as evidenced by Los Palacios' Sworn Statement in Proof of Loss claiming a net loss of $3,910,659.45 (after application of the prior payment of $19,995 and the deductible), it is clear that Los Palacios is contending that its unpaid damages exceed $75,000.  Therefore, based on the allegations in the Complaint, the amount in controversy is in excess of $75,000.

8. Copies of all process, pleadings, and orders served upon Aspen Specialty and such other papers as required by the local rules of court, are attached hereto as Exhibit "B".

9.      Attached as Exhibit "C" is a copy of the Certification of Notice of Removal mailed to Clerk of Court for the Eleventh Judicial Circuit, State of Florida.

10.     Attached as Exhibit "D" is a copy of the Notice of Removal to Opposing Counsel.

## MEMORANDUM OF LAW

Plaintiff's Complaint does not state the specific amount of damages it is seeking in this action, other than to allege that the damages sought will exceed the Circuit Court's minimum jurisdictional limit of $15,000.  However, there is no upward limit on the amount of damages which may be awarded in Circuit Court.

Plaintiff's Complaint should be the primary source for determining the existence of jurisdiction.  *Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027 (5th Cir. 1977).  The allegations of the Complaint show that the Plaintiff is seeking damages in excess of $75,000.00.  Attached as Exhibit E to the Complaint is the Sworn Statement in Proof of Loss in the amount of $3,910,659.45.   The $3,910,659.45 amount is what Los Palacios contends are the unpaid damages for this hurricane claim.  When the amount of the damages being sought is unspecified in a complaint, the court has flexibility in determining the type of evidence which it will consider in assessing removal jurisdiction.  *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945 (11th Cir. 2000). The Court must make an independent appraisal of the claim, and, after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated. *Feldman v. N.Y. Life Ins. Co.*, 1998 U.S. Dist. LEXIS 2301 (U.S.D.C.  E.D. Pa. 1998).  Therefore, a fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000.00.

In *Glaze v. M.R.A. Holding, LLC*, 16 Fla. L. Weekly Fed. D503, (M.D. Fla. 2003). the Court used the totality of the facts alleged to conclude that the amount in controversy more likely than not exceeds $75,000.   In determining the amount in controversy in a case where the plaintiff does not pray for a specific amount, the court may look to the petition for removal or make an independent evaluation of the monetary value of the claim.  *Smith v. Executive Fund Life Ins. Co.*, 651 F. Supp. 269 (M.D.  La. 1986).

WHEREFORE, Defendant, Aspen Specialty, prays that this Honorable Court exercise jurisdiction over this matter.

                                 BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

                                 *s/ William L. Wallis*
                                 WILLIAM L. WALLIS, ESQ.
                                 Florida Bar No.:  0831750
                                 3600 Maclay Boulevard, Suite 101
                                 Tallahassee, Florida  32312
                                 Telephone:   (850) 894-4111
                                 Facsimile:   (850) 894-4999
                                 wwallis@butlerpappas.com
                                 Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of September, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ William L. Wallis*
WILLIAM L. WALLIS, ESQ.

## SERVICE LIST

**Los Palacios II Condominium Association, Inc.,
vs.
Aspen Specialty Insurance Company a/k/a Aspen Specialty Insurance Management
Case No. _____
United States District Court, Southern District of Florida**

Christopher N. Mammel, Esq.
Childress Duffy Goldblatt, Ltd.
500 North Dearborn Street, Suite 1200
Chicago, IL 60654
Attorneys for Plaintiff
*Via CM/ECF*